The next case on the calendar is United States v. Lopez-Hernandez. The next case on the calendar is United States v. Lopez-Hernandez. The next case on the calendar is United States v. Lopez-Hernandez. The issue in this case is straightforward. Where a district court says to a defendant, even though you did not bring aliens from Canada to the United States, you didn't physically bring them, by pleading guilty, you are really being held responsible for that. Does that satisfy Rule 11's exacting requirement that a defendant admits sufficient as a matter of law to establish a violation of alien smuggling? The record in this matter is rife with representations by the district court, defense counsel, and the defendant himself, that Mr. Lopez-Hernandez did not, as a factual matter, bring aliens to the United States. Well, let me ask you about that, because let's say we agree with you that the district court was not crystal clear in describing the charges to your client during the proceeding. It seems to me that defense counsel was very clear that counsel had discussed the charges, I think, on at least 10 separate occasions with an interpreter. They discussed the fact that, and specifically that they discussed the fact that a guilty plea would likely mean that Aslam could not be challenged, which suggests that if those discussions took place, and counsel was he understands what he's doing, Mr. Lopez-Hernandez was well aware of the difference of the Second Circuit's construction with bringing and chose to plead guilty in light of that case. So what's wrong with that interpretation of the transcript? Thank you, Your Honor. That does not relieve a district court of its obligation to ensure that a defendant alleged facts to prove a violation of the crime. It is clear, I would agree, that there has been... Mr. Perez, are you able to be a little bit louder, speak up a little louder? I'm having... I'll try, I'll try, Your Honor. Is this better? Yeah, thanks. Okay, I apologize. Clearly, defense counsel had had discussions with Mr. Lopez-Hernandez, but that's not really the issue here. The issue here is whether there were sufficient facts admitted by the defendant when he pled guilty to make out a violation of Rule 11. And there were multiple areas of this record in which it was absolutely clear that even if one were to take the position that perhaps Aslam were satisfied, the statute was not satisfied. The court said, even if you're still being... excuse me, even if you didn't take them across the border, you're still being charged with taking them and transporting them. And these are all crimes, everything you did, even though you didn't get them in Canada and bring them over the border. And defense counsel was very, very clear that there was not an agreement to bring to. There was an agreement simply to transport. That is a different crime altogether. There were also exchanges in which defense counsel represented that under the English language or the Spanish language, Mr. Lopez-Hernandez did not bring to. But somehow under Second Circuit case law, he violated the statute. And that brings me to another aspect of our argument, which is that Mr. Lopez-Hernandez did not knowingly enter a plea of guilty. And we walk through not just the quotes, but the fact that this is a 21 or 22 year old defendant who's... We're on plain error review, right? Yes, Your Honor. Yeah. And in light of Aslam, was there plain error here? There certainly was, Your Honor. There was error. The error was plain because he did not, the district court did not satisfy its obligations under Rule 11. And so you have a defendant who pled guilty to transporting, not bringing to, but transporting and admitted the government actually represented in its statement about the circumstances of the crime that the closest that Mr. Lopez-Hernandez got to the border was a quarter of a mile away. So even under Aslam, I don't want to cloud the issue. We don't concede that there was a violation even under Aslam, but that's not the issue. The issue is whether there was a violation of 1324A2, which is the bring to statute. And this court has held that where a defendant pleads guilty to something that is not a crime, that makes out plain error. Mr. Perez, just to be clear, you're saying that even as the second circuit has interpreted that Yes, Your Honor, I am. And the reason is because he never got within a quarter mile of the border. But I understood, excuse me, sir, I understood Aslam to indicate that being close in time and close in place and proceeding arrival at one's immediate destination would suffice. So I think what you're asking us to do is to say that Aslam only works for a couple of feet and it doesn't work for a quarter of a mile. And I'm not sure. I'm not sure that that's I read the Aslam decision. I don't think it's that strict in how it should be construed. But I'll hear from you if you think otherwise. Your Honor, Aslam, the specific facts of Aslam were more than just the distance. It was the fact that the defendants walked across the border and there were footprints in the snow. And so you knew that those defendants had been accompanied across the had accompanied across the border, that the aliens had come through the snow and there were footprints. We don't have that here. So it's not simply a matter of the geographical proximity. And I would disagree that a few yards and a quarter of a mile are one and the same. As I pointed out in our brief, you can walk for a few yards and hold your breath, but you can't walk for a quarter mile and hold your breath. And so I agree. It is a fair question to say, where do you draw that line? What is geographic proximity? Is it a few yards? Is it a quarter mile? And if it's a quarter of a mile, how about a mile? How about five miles? How about within the district? But on this record, did he not know that these individuals were not authorized to enter the United States and that they were here illegally? He admitted that when he pled guilty, Your Honor. Why shouldn't that be even if you're a quarter mile away? Because he knew that he knew that he was helping individuals who were illegally entering the country. Well, he also said at the very beginning of the plea colloquy, his quote was, I want to clarify that I wasn't involved directly 100% from crossing these people from Canada into the United States. What I was involved in is being with these people who offered me to get some payment to transport these people inside the United States. Those were his words, Your Honor. But he also did affirm that everything that the AUSA said was true after the AUSA made it proper that spoke about the quarter mile from the border is border patrol was brought to the area because of some activity. They get there and they hear so in the context of all those additional facts. It's, it's hard not to for me to interpret what he said and saying, I just want to make clear I did not literally bring them over the border. I wasn't 100% involved in that. But I, I, I under I want to plead guilty. Your Honor. He did not ever say he brought anyone to the United States. That's what he needed to say. That's what the government needed to say. That's what someone needed to say. And to the contrary, it was made abundantly clear that he did not bring anyone to the United States. The district court itself said as much. Thank you. Thank you, Your Honor. Under Aslam, I think it's clear that sufficient facts were before the district court for the Lopez Hernandez committed the offense of bringing aliens to the United States. I disagree with Mr. Perez with something he said today, which is the defendant did not admit sufficient facts to establish the bringing offense. It's not necessary for the defendant to admit those facts. It's necessary for the district court to conclude that there is a and given Aslam and the events as they unfolded close to the border, and there being no real dispute that simply getting to a point one quarter mile south of the Canadian border was not the immediate destination intended by the illegal aliens. So factually, I think the there is a basis for the district court to have concluded that the offense was committed. With respect to Mr. Lopez Hernandez's understanding of what was occurring and the conceitedly confusing statements that occurred early on in the plea colloquy, I'd ask the court to look at A40 of the appendix with the court's permission. I'll just read it and this is where the district judge wound up speaking to Mr. Lopez Hernandez. So it's your desire to plead guilty to counts one through six containing the indictment and you understand that even though you didn't bring these aliens from Canada to the United States, you didn't physically bring them. By pleading guilty, you're really being held responsible for that. Do you understand that? And through the interpreter, Mr. Lopez Hernandez said, I do. I understand your honor. Yes, thank you. So it seems to me, particularly in light of the way the discretion of Aslam dominated and consumed the plea allocution, there's no question that Mr. Lopez Hernandez understood what he was pleading guilty to. More specifically with respect to plain error review, it's incumbent upon Mr. Lopez Hernandez on appeal to establish that but for any error that he alleges, he would not have entered his plea guilty. On this record, there is no question given the statements of defense counsel and what I just read to the court respectfully, it's absolutely clear that Mr. Lopez Hernandez understood Aslam, understood that there were issues involved and indicated by himself and through counsel that he wanted to question. One of the things that confused me was that defense counsel at the plea proceeding made clear that although his client and he had discussed Aslam, he wanted to accept responsibility. And that would suggest, I suppose, that he thought he was doing better with a plea than with going to trial in this case. But given that, as I think the defense states, the guidelines range was 6-12 Mr. Lopez Hernandez gained by pleading guilty? I'm not certain that he gained anything by pleading guilty other than in terms of the guidelines. However, that discussion did not occur with any reference to acceptance of responsibility under the guidelines. I interpreted that comment to mean Mr. Lopez Hernandez knew that he committed a crime and he wanted to stand up in court and accept responsibility for having committed that crime. That's the way I interpret that. The only other thing I would say is Mr. Perez has cast Aslam as some sort of an outlier of the decision and I don't believe it is. And even to the extent the Ninth Circuit, which may be the only circuit that disagrees with this court's conclusion, that you can commit the bringing offense even though you're not the person who physically brought the person over the board. I'm actually misstating that. Where the defendant is left by the person who brought him across the border physically, the bringing offense stops. Even to the extent that that conflict exists between the Ninth Circuit and this circuit, all the circuits appear to recognize that when the person who is accepting delivery, if you will, of the illegal alien and continuing the transportation through the United States, but his part has participated in the bringing offense, that vicarious liability is enough to charge that person with the bringing offense. And here we referenced in the plea allocation the fact that text messages on Mr. Lopez Hernandez's phone indicated that he fully expected to be paid for the smuggling attempt, not the transportation attempt. They would also say that the circumstances of Mr. Lopez Hernandez appearing at the border in such close temporal proximity to the aliens crossing the border indicates that he well knew the full scope of the attempt to bring those The censor was triggered at 3 a.m. in order. And it was 12 minutes later after they triggered the sensor, got into the car, and drove away that a border patrol agent in a border patrol car saw them leaving the border. Was that part of the government's allocation at the plea hearing? Some of the time frame was not specified at the time of the allocation. However, the government did file an amended offer of proof prior to the plea allocation, and those facts were available to the district court as well. And those times are more fully set forth there. And they were opinions from this court as to whether or not the district judge is entitled to consider facts in a pre-sentence report to determine the factual sufficiency at the time of the plea, but those facts were there. Unless the court has further questions, I have nothing further to add, Your Honors. Mr. Prez? Thank you, Your Honor. I want to start with the issue of you understand, which is the statement that Mr. Silver read into the record. You can understand that you committed a crime, and you can stand up in court and say, I want to take responsibility for committing that crime. What you can't do, though, consistent with Rule 11, is to stand up in court and admit facts that make out a violation of transporting, but don't make out a violation of smuggling. And the page before of what Mr. Silver read to you, which is page 40, on page 39, Mr. Lopez Hernandez's attorney said he wants to make it clear to the court that he did not bring. That should end the inquiry right there. As for the other part of our argument, which I don't, I want to make sure I emphasize, which is he did not, this 21-year-old day laborer from Guatemala. Mr. Prez, the continuation of that sentence is he wants to make clear that he did not bring, but he understands that under the law of the circuit, he engaged in activity that equals bringing. Your Honor, if he said, I brought illegal narcotics into the country, and even though the narcotics tested negative for the presence of anything that was controlled, they were talcum powder, he could not properly be convicted. He could not properly plead guilty to importing narcotics. Under Rule 11. I mean, I think the difficulty is Aslan. Under Aslan, you can be guilty of bringing even if you're not bringing, literally bringing. And that's what the case says. And that's why I want to make sure that I emphasize our argument with respect to this 21-year-old who's in a federal courtroom by himself. He's not a native English speaker. He's not from this country. And he's listening to his lawyer say things like, he just wants to make it clear that he did not bring as the English language says. He did not bring as far as the English language and the Spanish language goes. But he brought, according to the Second Circuit. That cannot be a knowing plea under federal law for this particular defendant with this level of education and this background. Unless the court has any further questions, I'll rest on our papers. And I apologize for the audio problems. Oh, no, they were very minor. Thank you both. And we will take the matter under advisement. Thank you.